IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent/Plaintiff, ) | |
| vs. ) | No. 3:01-CR-0200-G(01) |
| ) | No. 3:04-CV-1394-G (BH) |
| VICTOR MANUEL ESTRADA, ) | ECF |
| ID # 26856-177, ) | Referred to U.S. Magistrate Judge |
|     Movant/Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I.  BACKGROUND

**A. Nature of the Case**

Movant, a current inmate in the federal prison system, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to the provisions of 28 U.S.C. § 2255 to challenge his federal conviction and sentence in Cause No. 3:01-CR-0200-G. The respondent is the United States of America (government).

**B. Factual and Procedural History**

On June 6, 2001, the government indicted movant for intentionally and knowingly possessing with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine. (*See* Indictment, doc. 1.)[1] On August 6, 2001, the case against movant proceeded to trial,

---

[1] All document numbers refer to the docket number assigned to the pleading in the underlying criminal action, No. 3:01-CR-200-G.

and the jury found him guilty on August 7, 2001. On May 9, 2002, the Court entered judgment upon the jury verdict and sentenced movant to 262 months imprisonment. (*See* Judgment, doc. 64.) On March 31, 2003, the Fifth Circuit Court of Appeals found sufficient evidence to support the conviction and affirmed. *United States v. Estrada*, 65 Fed. App'x 509, 509 (5th Cir. 2003) (per curiam).

On June 28, 2004, the Court received the instant *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 and an attached memorandum in support. (*See* Mot. to Vacate, doc. 86.) Movant asserts that he is entitled to relief under § 2255 because he received ineffective assistance of trial and appellate counsel. He specifically moves for appointment of counsel and leave to conduct discovery. The government has filed a response in opposition to the motion to vacate, and movant has responded to the response with a traverse and a renewed motion for discovery.

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

In his motion to vacate, movant asserts that his trial and appellate counsel were ineffective based on (1) unlawful jury instructions and (2) his rejection of a plea offer. Within the context of his first claim, he asserts ineffective assistance of counsel based upon *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and a failure to argue that the weight of the methamphetamine included at least some wrapping material. He further asserts that the cumulative impact of the alleged deficiencies of counsel has prejudiced him.

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. art. VI. To successfully state a claim of ineffective assistance of trial or appellate counsel, movant must generally demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his defense. *See Strickland v. Washington*,

466 U.S. 668, 687 (1984); *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000). A failure to establish either of these prongs generally requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696.

To succeed on his ineffective-assistance claims, movant must show a deficiency of counsel that prejudiced his defense. *See id.* at 687. This test applies to allegations of ineffective assistance of trial and appellate counsel. *See Phillips*, 210 F.3d at 348. A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective. *Strickland*, 466 U.S. at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

To determine whether counsel's performance is constitutionally deficient under *Strickland*, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." 466 U.S. at 689. Further, "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691.

With respect to alleged deficiencies of appellate counsel, an attorney need not raise every non-frivolous issue on appeal to be effective. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). "Instead, to be deficient, the decision not to raise an issue must fall 'below an objective standard of reasonableness.'" *Phillips*, 210 F.3d at 348 (quoting *Strickland*, 466 U.S. at 688). "[A] reasonable attorney has an obligation to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (footnote and citations omitted). To determine whether appellate counsel renders deficient performance by not raising claims on appeal, the Court must consider whether the omitted

challenges "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *Phillips*, 210 F.3d at 348.

To establish prejudice under *Strickland*, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. In the case of ineffective assistance at sentencing, prejudice is established if the movant demonstrates that his sentence was increased by the deficient performance of his attorney. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001). In other words, the movant must show that counsel's deficiencies created a reasonable probability that his sentence would have been less harsh. *See id.* at 200. Movants must "affirmatively prove prejudice." *Strickland*, 466 U.S. at 693. The prejudice component of the *Strickland* test "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (citations and internal quotation marks omitted). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent the alleged errors of counsel. *Strickland*, 466 U.S. at 695-96. One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations, furthermore, are insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Collier v. Cockrell*, 300 F.3d 577, 587 (5th Cir. 2002) (holding that "conclusory allegations of ineffective assistance of counsel" are insufficient to raise a constitutional issue under § 2254); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (same).

**A. <u>Trial Counsel</u>**

Movant asserts claims of ineffective assistance of trial counsel related to (1) unlawful jury instructions; (2) violations of *Apprendi v. New Jersey*, 530 U.S. 466 (2000); and (3) rejection of a plea offer.

**1. *Deficiencies Related to Jury Instructions***

Movant first asserts that his trial attorney failed to request a jury instruction to define "mixture or substance containing a detectable amount of methamphetamine"; failed to object to the omission of such instruction; and failed to investigate case law which would have supported an instruction on that element of his charged offense.

The government indicted movant for intentionally and knowingly possessing with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine in violation of 21 U.S.C. § 841. The Court instructed the jury that to find movant guilty of such offense, they must find that the government had proven four elements beyond a reasonable doubt: (1) movant knowingly or intentionally possessed a controlled substance; (2) the substance was methamphetamine; (3) "the quantity was 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine; and" (4) movant possessed the methamphetamine with intent to distribute it. The Court provided no definition regarding the third element.

Because "[n]either the statute nor the sentencing guidelines define the terms 'mixture' and 'substance', and because the terms have no "established common-law meaning", the terms "must be given their ordinary meaning." *Chapman v. United States*, 500 U.S. 453, 462 (1991). Although the sentencing guidelines have been amended to provide greater guidance as to the meaning of the terms, such amendments do not alter the Supreme Court's interpretation of the statute in *Chapman*.

5

*Neal v. United States*, 516 U.S. 284, 289-90 (1996); *United States v. Treft*, 447 F.3d 421, 432 (5th Cir.), *cert. denied*, 127 S. Ct. 555 (2006).

"[N]o definition is required" for common words. *See, e.g.*, *Hughes v. Johnson*, 191 F.3d 607, 615 (5th Cir. 1999) (holding that jury instructions need not define the term "probability"); *Nethery v. Collins*, 993 F.2d 1154, 1162 (5th Cir. 1993) (holding that the terms "deliberately", "probability", and "society" have a "common meaning and adequately permit the jury to effectuate its collective judgment"); *James v. Collins*, 987 F.2d 1116, 1120 (5th Cir. 1993) (holding the terms "deliberately", "probability", "criminal acts of violence", and "continuing threat to society" are "capable of guiding the jury's sentencing discretion" even when undefined); *United States v. Bobo*, 477 F.2d 974, 988 (4th Cir. 1973) (holding that "'[o]wn' is such a common word that no definition is required"). Petitioner has not cited to any authority in which the trial court gave a definitional instruction regarding the terms "mixture" and "substance", or which held that such instruction was required. Nor has the Court's own research revealed any such authority. In the absence of a specific definition in the instructions or in a response to a jury question regarding particular terms, it is reasonable to assume that the jury gave the words used in the instructions their ordinary meaning. *See Milton v. Procunier*, 744 F.2d 1091, 1096 (5th Cir. 1984). As stated by the Fifth Circuit in that case,

> [t]o the extent that the words strike distinct chords in individual jurors, or play to differing philosophies and attitudes, nothing more is at work than the jury system. . . . The answer is that such words, often of great consequence, do have a common understanding in the sense that they ultimately mean what the jury says by their verdict they mean.

*Id.* In fact, the Fifth Circuit has found that based on a similar instruction, the jury's finding of guilty "necessarily include[d] a finding as to the quantity and type of controlled substance." *See United States v. Slaughter*, 238 F.3d 580, 583 (5th Cir. 2000).

Counsel had no valid basis to object to the lack of definitional instruction. Such instruction was not necessary to guide the jury in their deliberations. To render effective assistance, counsel need not assert meritless objections. Because the omitted instruction did not make the instructions objectionable, the Court also finds no deficiency of counsel in failing to request such instruction or to investigate case law supporting the instruction.

Furthermore, in light of the facts of this case, even if the Court assumes for purposes of these findings that trial counsel rendered deficient representation in failing to investigate the propriety of a definitional instruction, request such instruction, or object to the omission of such instruction, it finds no reasonable probability that, in the absence of such deficiencies, the outcome of movant's trial would have differed. Movant has demonstrated no prejudice from the alleged deficiencies of counsel. He is thus entitled to no relief under § 2255 for such alleged deficiencies.

### 2. *Failure to Argue Weight of Methamphetamine*

Movant alleges that his trial attorney rendered ineffective assistance by failing to argue that the weight of methamphetamine included the weight of some wrapping material. Although movant makes the allegation in the context of his unlawful instruction claim, the Court addresses it separately because arguments made in movant's traverse suggest that the alleged failure may have occurred at sentencing.

To the extent the alleged failure relates to the instructions given to the jury, the Court finds no deficiency of counsel and no prejudice to movant. The parties stipulated that a senior forensic chemist with the United States Postal Inspection Service would testify:

> that he received two sealed packages containing a suspected controlled substance which is Government's Exhibit 3; that he conducted an examination of Government's Exhibit 3 for the presence of a controlled substance. The substance was

7

>tested by him, and he determined that substance to be methamphetamine, specifically D-methamphetamine hydrochloride and dimethyl sulfone. And he would testify that the purity of this methamphetamine registered at twenty-three percent of substance. The total amount of substance was . . . 4,657.9 grams.

Trial Tr. at 68. It appears clear from this stipulation that the chemist tested a substance received in two sealed packages, determined the substance to be methamphetamine, found the purity to be twenty-three percent of the total 4,657.9 grams of substance. The jury was free to weigh the evidence and use their common sense and experiences to determine whether movant was guilty of possessing 500 grams or more of a mixture and substance containing methamphetamine.

To the extent the alleged failure relates to sentencing, USSG § 2D1.1(c)(2) provides for a base offense level of 36 for "[a]t last 5 KG but less than 15 KG of Methamphetamine, or at least 500 G but less than 1.5 KG of Methamphetamine (actual)." The stipulated testimony from the forensic chemist provides evidence that the actual amount of methamphetamine exceeded 1,000 grams. Counsel thus had no basis to object to the Court attributing more than 500 grams of methamphetamine to movant. The failure to assert such objection thus does not amount to deficient representation.

### 3. *Deficiencies Related to Apprendi*

Movant claims that his trial attorney rendered ineffective assistance when he failed to object to errors under *Apprendi v. New Jersey*, 530 U.S. 466 (2000). More specifically, he argues that counsel failed to object to violations of *Apprendi* caused by (1) the failure to instruct the jury on the meaning of "mixture or substance"; (2) the assessment of the quantity of drugs attributed to him and a two-point enhancement for his role in the offense; and (3) the increase in his maximum sentence by facts not properly submitted to the jury.

8

In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. The jury in this case found movant guilty of intentionally and knowingly possessing with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine. *Apprendi* does not require the courts to define every element of each matter submitted to the jury for determination. As previously discussed, the terms "mixture" and "substance" are sufficiently common as to require no definitional instruction. The terms adequately guide the jury's determination of guilt. The failure to define such terms does not violate *Apprendi*. Consequently, movant's attorney had no basis to assert an *Apprendi* objection to the absence of a definitional instruction, and thus did not render ineffective assistance by failing to assert such objection.

By the guilty verdict, furthermore, it is clear that the jury found facts presented in the evidence sufficient to find that movant's offense involved more than 500 grams of a mixture and substance containing methamphetamine. The evidence presented to the jury showed actual methamphetamine in excess of 1,000 grams. The jury's findings make movant subject to the sentencing provision of 21 U.S.C. § 841(b)(1)(A)(viii), which sets a maximum sentence at life imprisonment. That the Court at sentencing assessed the quantity of drugs attributed to him at more than 500 grams and assessed a two-point enhancement for movant's role in the offense thus provides no basis for objection under *Apprendi*. Neither assessment increased the penalty for his crime beyond the statutory maximum decided by the jury. Counsel did not render deficient performance by failing to object to the assessments.

9

With respect to movant's related claim of error under *Apprendi*, *i.e.*, that his attorney failed to object to an increase in his maximum sentence by facts not submitted to the jury, the Court finds that movant's maximum sentence was dictated by the jury based on the facts presented to them. Movant's maximum sentence was not increased by facts not submitted to the jury. The Court finds no basis for an objection under *Apprendi*, and thus finds no ineffective assistance of counsel by the failure to raise such an objection.

For all of the foregoing reasons, *Apprendi* is not implicated under the facts of this case.[2] *Apprendi* is simply "not implicated" when the imposed sentence does not exceed the statutory maximum sentence – in this case life imprisonment. *See United States v. Wilson*, 249 F.3d 366, 380 (5th Cir. 2001). "It is clear in this circuit that where an enhancement does not increase the defendant's sentence above the statutory maximum, there is no *Apprendi* violation." *Id.*

### 4. *Deficiencies Related to Plea Advice*

Movant next claims that his trial attorney rendered ineffective assistance when he advised him to reject a plea offer that would have exposed him to no more than ten years imprisonment. Movant, however, provides nothing beyond his own assertions that such a plea offer was available to him. "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998); *United States v.*

---

[2] In his traverse, movant also relies upon *Blakely v. Washington*, 524 U.S. 296 (2004). The outcome under *Blakely* is the same. In *Blakely*, the Supreme Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 524 U.S. at 303. By finding that movant possessed 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, the jury found facts sufficient to set the statutory maximum sentence at life imprisonment.

*Auten*, 632 F.2d 478, 480 (5th Cir. 1980). Because movant has provided no probative evidentiary support for his claim, he is entitled to no relief on such claim under § 2255.

**B.  Appellate Counsel**

Movant also argues that his appellate attorney rendered ineffective assistance by failing to present the following issues on appeal: (1) the alleged increase in maximum sentence based upon facts which were not presented to the jury; (2) the failure to properly instruct the jury; (3) a violation of his Fifth Amendment right to due process; and (4) a violation of his Sixth Amendment right to a jury trial. The Court has already found no increase in the maximum sentence based upon facts not presented to the jury. It has further found no error in the failure to give the definitional instruction. It has found no *Apprendi* violation. The alleged Fifth and Sixth Amendment violations relate to the failure to properly instruct the jury. The claims raised in this § 2255 motion have insufficient merit to warrant presentation on appeal. Consequently, appellate counsel did not render ineffective assistance by failing to present the identified claims on appeal. *See United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

**C.  Cumulative Impact**

Movant lastly claims that he received ineffective assistance of counsel due to the cumulation of errors of counsel.

The Fifth Circuit has recognized the concept of cumulative error in the context of 28 U.S.C. § 2254. *See Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992) (en banc). To the extent such concept applies in the context of § 2255, movant must establish errors in the conduct of his federal criminal proceedings that may be cumulated. *See United States v. Spencer*, Nos. 3:05-CV-1858-L, 3:00-CR-0389-L(03), 2006 WL 489089, at *1-2 (N.D. Tex. Feb. 28, 2006). Movant has not estab-

lished any errors to cumulate. He merely complains about matters that do not individually or in combination amount to ineffective assistance of counsel. Movant's claim of cumulative error entitles him to no relief under 28 U.S.C. § 2255.

### III. DISCOVERY, EVIDENTIARY HEARING, AND APPOINTMENT OF COUNSEL

Movant seeks leave to conduct discovery, an evidentiary hearing, and appointment of counsel. He contends that he can prove his claim of a ten-year plea offer by deposing the relevant attorneys or through an evidentiary hearing.

Section 2255 of Title 28 of the United States Code controls whether an evidentiary hearing is required in this case. The statute provides that no evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." However, "bare, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing). Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. Movant's unsupported allegations do not entitle him to an evidentiary hearing. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

Furthermore, although Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts [hereinafter Section 2255 Rules] grants the Court discretion to authorize discovery, upon a showing of good cause, conclusory allegations do not entitle one to discovery and Rule 6 does not authorize fishing expeditions. *See United States v. Webster*, 392 F.3d 787, 801-02 (5th Cir. 2004) (holding that "[c]onclusional allegations are insufficient to warrant discovery; the petitioner must set forth specific allegations of fact"). Movant may not rely solely on his own affirmation that he was presented with a plea offer that would have capped his sentence at ten years imprisonment. He must either point to something in the record to support such claim or provide some independent, reliable indicia to support such claim. He has done neither. The Court should deny movant's motions for discovery.

Rule 8 of the Section 2255 Rules governs appointment of counsel in this action. Rule 8(c) provides for appointment of counsel only when an evidentiary hearing is required or the interests of justice otherwise requires appointment. The Court has determined that movant's § 2255 motion entitles him to no relief and that an evidentiary hearing is not required in this case. In such circumstances, justice does not require the appointment of counsel. The Court should deny movant's motion for appointment of counsel.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** the Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255 with prejudice. It is further **RECOMMENDED** that the Court deny the motions for discovery and for appointment of counsel found within the motion to vacate, and the separate motion for discovery filed with movant's traverse.

13

SIGNED this 27th day of April, 2007.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE