IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Respondent/Plaintiff, )<br>vs. )<br>)<br>VICTOR MANUEL ESTRADA, )<br>ID # 26856-177, )<br>    Movant/Defendant. ) | No. 3:01-CR-0200-G (01)<br>No. 3:04-CV-1394-G (BH)<br>ECF<br>Referred to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b) and Order of Reference dated August 16, 2007, the District Court referred movant's motion to find excusable neglect to the undersigned Magistrate Judge for recommendation.

### I. BACKGROUND

On April 27, 2007, the undersigned Magistrate Judge recommended that the District Court deny movant's motion to vacate filed pursuant to 28 U.S.C. § 2255. On May 18, 2007, the District Court accepted that recommendation, denied the § 2255 motion and entered judgment. On August 15, 2007, the Court received the instant motion to find excusable neglect for failing to file objections to the April 27, 2007 recommendation and failing to timely file a notice of appeal. The entirety of movant's explanation for his failure is as follows: "The grounds for this motion are that Mr. Estrada was in the 'SHO' or 'Special Housing Unit' of the prison and subsequently placed in transit within the Bureau of Prisons during the time for filing objections to the Magistrate Report & Recommendation and in filing a Notice of Appeal." *See Motion* at 1.

## II. MOTION TO FIND EXCUSABLE NEGLECT

The Court construes the motion to find excusable neglect for failure to timely file objections and failure to timely file a notice of appeal as a request for an extension of time to file objections or to file an appeal.

Rule 6(b) of the Federal Rules of Civil Procedure permits the Court to extend the period for filing objections to a recommendation of a magistrate judge. When the objection period has expired, the party seeking the extension of time must show that "the failure to act was the result of excusable neglect." Movant's proffered reason for failing to file objections to the April 27, 2007 recommendation does not show excusable neglect. He provides no support for his allegations that he was confined in a Special Housing Unit and subsequently placed in transit. More importantly, he does not show how or why his confinement in the Special Housing Unit or his alleged transit status prevented or hindered him from filing objections to the recommendation or from filing a motion for extension of time to file such objections. Nor does he provide specific dates when he was housed in the special unit or when he was in transit to explain the three-month delay in filing his motion. The bare allegations in the motion do not suffice to show excusable neglect, and in the absence of a such a showing, the Court should not grant an extension of time to file objections to the April 27, 2007 recommendation.[1]

Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure grants the district courts the discretionary authority to "extend the time to file a notice of appeal if" the party seeking to appeal

---

[1] The Court also notes that a showing of excusable neglect may provide a basis for relief from judgment under Fed. R. Civ. P. 60(b)(1). To the extent the movant seeks relief under Rule 60(b)(1), he has likewise provided no basis for relief from judgment under that Rule because he has shown no excusable neglect.

"moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and" he "shows excusable neglect or good cause." For the reasons already stated, the Court should find no excusable neglect for not timely filing a notice of appeal. Movant has also shown no good cause to extend the time for filing a notice of appeal. In this instance, moreover, movant filed his motion to find excusable neglect after the expiration of the thirty days set forth by Rule 4(a)(5)(A). Consequently, the Court cannot extend the time to file a notice of appeal whether or not it finds excusable neglect or good cause. For all of these reasons, the Court should grant no extension of time to file a notice of appeal.

## III. RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court **DENY** movant's motion to find excusable neglect (submitted within doc. 101) that has been construed as a request for an extension of time to file objections to the April 27, 2007 recommendation entered in this case or to file a notice of appeal. It is further **RECOMMENDED** that the Court **DENY** the motion to the extent the Court should construe it as a request for relief from judgment under Fed. R. Civ. P. 60(b)(1).

**SIGNED this 28th day of August, 2007.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of this report and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the report and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE